UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROSNY RAFAEL GARCIA ESTRADA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-CV-348-H

# ORDER

Rosny Rafael Garcia Estrada entered the United States illegally seven years ago. At that time, ICE detained Garcia Estrada and issued him a Notice to Appear, charging Garcia Estrada with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 6 at 4; *see* 8 U.S.C. § 1182(a)(6)(A)(i). In May 2026, ICE placed Garcia Estrada back into custody for the pendency of his removal proceedings. Dkt. No. 1 at 4. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 5 at 2–3. Before the Court is Garcia Estrada's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, its implementing regulations, the Fifth Amendment, the APA, and the Suspension Clause. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Garcia Estrada's petition, and it has determined that:

- Where the Court exercises its authority to review a petition, the Suspension Clause is not implicated. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- An alien's prior release on recognizance under 8 U.S.C. § 1226 or humanitarian parole under 8 U.S.C. § 1182(d)(5)(A)] does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished the applicability of *Zadvydas* from cases concerning "detention during deportation proceedings," which it has held are "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Garcia Estrada's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The Court denies the petition. Dkt. No. 1.

So ordered on November 5, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE